Dear Mr. Pasqua:
As a member of the Governing Board of the St. Tammany Hospital Service District No. 2, you have requested an opinion from this office concerning the authority of the Board. Specifically you ask:
 1.) Can the Slidell Memorial Board create corporate subsidiaries?
 2.) If by doing so, are we shirking our fiduciary responsibility in allowing other directors to spend money and create liabilities which will ultimately fall back on the hospital?
The St. Tammany Parish Hospital District No. 2 was created by an Act of the Louisiana Legislature, Act 180 of 1984. That legislation sets forth the powers, duties and responsibilities of the board of commissioners of the district. Among such powers and duties enumerated therein include the power to expend, or contract to expend, money, or incur liability, to construct and maintain health care facilities, to acquire property and "to do any and all things except as limited by the Louisiana Constitution which are necessary for and to the advantage of health care facilities. . . ."
Act 180 of 1984 further provides, at Section 8, that
 "Each hospital service district created by this Act shall constitute a body corporate in law with all powers of a corporation. . . ."
Included in the corporate powers is the ability to create subsidiary corporations. In the instant situation, this power is limited by Article 7, Section 14 of the Louisiana Constitution, which prohibits a public body from owning stock in a private entity.
It is assumed for the purpose of this opinion that the subsidiaries created by the hospital district are public entities. Under those circumstances, there is no specific prohibition to the hospital district creating and owning subsidiary corporations.
In answer to your second inquiry, the creation of a subsidiary by the hospital district does not per se result in a breach of any duty by the board of commissioners of the district. It may be that under some circumstances, creation of a subsidiary will be very beneficial to the public interest, whereas in other cases it may not. Whether or not a subsidiary is necessary or advantageous is a decision left to the sound discretion of the Board, subject of course to review by the appropriate oversight body, such as the legislative auditor. If it is ultimately determined that a subsidiary was created by the Board in a manner or for a purpose that was inappropriate and not in the public interest, that determination could establish a breach by the Board of its responsibilities to the public. Any evaluation as to the necessity and/or appropriateness of particular subsidiaries must be done on a case by case basis and is beyond the scope of this opinion.
Yours very truly
 RICHARD P. IEYOUB Attorney General
 BY: ROY A. MONGRUE, JR. Assistant Attorney General
RPI/RAM, Jr:vrr